## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 17 2019, 10:02 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Rocky Lee McMurray, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | July 17, 2019 <br><br> Court of Appeals Case No. 18A-CR-2543 <br><br> Appeal from the Dearborn Superior Court <br><br> The Honorable Sally A. McLaughlin, Judge <br><br> Trial Court Cause No. 15D02-1701-F4-3 |

**Pyle, Judge.**

[1] Rocky McMurray ("McMurray") appeals, following a guilty plea, the aggregate twenty-year sentence imposed for his Level 4 felony causing death when

operating a vehicle with an alcohol concentration equivalent ("ACE") of 0.15 or more conviction[1] and his habitual vehicular substance offender ("HVSO") adjudication.[2] He argues that his sentence is inappropriate. Concluding that McMurray has failed to show that his sentence is inappropriate, we affirm his sentence.

We affirm.

# Issue

Whether McMurray's sentence is inappropriate pursuant to
Indiana Appellate Rule 7(B).

# Facts

In January 2017, McMurray had a criminal history that included numerous convictions relating to driving a vehicle while intoxicated and public intoxication. One such drinking-and-driving offense, which occurred in Kentucky in 2005, resulted in the death of another person.

On January 24, 2017, McMurray, who had been drinking alcohol, drove his car across the center line and struck the car driven by Steven Ahaus ("Ahaus").

---

[1] IND. CODE § 9-30-5-5. We note that, in the recent 2019 session, our legislature amended this statute to be effective July 1, 2019. That recent amendment does not affect this appeal.

[2] I.C. § 9-30-15.5-2.

Ahaus died as a result of McMurray's actions. McMurray had a blood alcohol level of 0.18.

[5] The State ultimately charged McMurray with: (1) Level 4 felony causing death when operating a vehicle while intoxicated ("OVWI") with a prior operating while intoxicated conviction within ten years; (2) Level 5 felony reckless homicide; (3) Class A misdemeanor OVWI endangering a person; (4) Level 4 felony causing death when operating a vehicle with an ACE of 0.15 or more; (5) Level 4 felony operating a vehicle causing death with a schedule I or II controlled substance or metabolites in the blood. Additionally, the State alleged that McMurray was an HVSO, which was based on McMurray's prior convictions for: (1) Class A misdemeanor OVWI in 1998; (2) Class D felony OVWI with a prior conviction in 2002; (3) manslaughter in the second degree and OVWI second offense within five years, which occurred in Kentucky in 2005; and (4) Class A misdemeanor OVWI and Class D felony possession of a controlled substance in 2012.

[6] McMurray later entered into a plea agreement and pled guilty to the Level 4 felony causing death when operating a vehicle with an ACE of 0.15 or more charge and the allegation that he was an HVSO. In exchange, the State dismissed the remaining four charges. The plea agreement provided that sentencing was open to the trial court's discretion.

[7] During McMurray's sentencing hearing, Ahaus's wife and some family members testified about the devastation that resulted from Ahaus's death,

including the fact that Ahaus's wife was left homeless for a few months after Ahaus's death due to him being the sole provider in their family. Additionally, the State presented exhibits during the sentencing hearing. The State presented McMurray's blood test results, which revealed that McMurray's blood alcohol level was 0.18 and that he had oxycodone and opiates in his system. The State also presented a video obtained from a residence near the scene of the offense. The video showed that McMurray had crossed the center line and hit Ahaus's car head on.

[8] The presentence investigation report ("PSI") showed that McMurray had an extensive criminal history, consisting predominantly of alcohol-related offenses in Indiana and Kentucky and spanning in time from 1991 to 2012. Specifically, McMurray had amassed the following convictions: (1) Class A misdemeanor OVWI endangering a person in 1991; (2) Class B misdemeanor disorderly conduct in 1992; (3) Class B misdemeanor public intoxication in 1993; (4) Class B misdemeanor public intoxication in 1995; (5) alcohol intoxication in a public place in Kentucky in 1996; (6) Class A misdemeanor OVWI endangering a person in 1998; (7) Class B misdemeanor public intoxication and Class A misdemeanor battery resulting in bodily injury in 1999; (8) alcohol intoxication in a public place in Kentucky in 2001; (9) Class D felony OVWI with a prior conviction in 2002; (10) operating on a suspended license in Kentucky in 2003; (11) alcohol intoxication in a public place in Kentucky in January 2005; (12) alcohol intoxication in a public place in Kentucky in April 2005; (13)

manslaughter and OVWI in Kentucky in May 2005;[3] (14) Class A misdemeanor OVWI endangering a person, Class D felony possession of a controlled substance, and habitual substance offender in 2012. McMurray had been ordered to complete counseling and had violated probation in some of these causes.

[9] When issuing the sentencing order, the trial court reviewed the details of McMurray's criminal history, specifically noting that this current offense was McMurray's sixth OVWI conviction and the second time that McMurray had taken another person's life when he drove while intoxicated. The trial court determined that McMurray's criminal history outweighed any mitigating circumstances. The trial court also noted the significant impact that McMurray's offense had on the victim's family. The trial court imposed a twelve (12) year sentence for McMurray's Level 4 felony causing death when operating a vehicle with an ACE of 0.15 or more conviction and enhanced it by eight (8) years for his HVSO adjudication, thus resulting in an aggregate twenty (20) year sentence. McMurray now appeals.

# Decision

[10] McMurray argues that his aggregate twenty-year sentence is inappropriate. He contends that the imposition of a fully executed sentence was not warranted

---

[3] McMurray committed the manslaughter and OVWI offenses in May 2005 and was sentenced in October 2005. He received a seven and one-half (7½) year sentence with five (5) years suspended.

because the manner in which he committed his crime "was not among the worst of the worst offenses" and his character "did not place him in the category of the worst of the worst offenders." (McMurray's Br. 11).

[11] We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). The defendant has the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The principal role of a Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "Appellate Rule 7(B) analysis is not to determine whether another sentence is more appropriate but rather whether the sentence imposed is inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012) (internal quotation marks and citation omitted), *reh'g denied*.

[12] When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Childress*, 848 N.E.2d at 1081. Here, McMurray entered a guilty plea and was convicted of Level 4 felony causing death when operating a vehicle with an ACE of 0.15 or more. He also admitted that he was an HVSO. A Level 4 felony has a sentencing range of two (2) years to twelve (12) years with an advisory sentence of six (6) years. I.C. § 35-50-2-5.5. Additionally, the range for an HVSO determination is "at least

one (1) year but not more than eight (8) years[.]" I.C. § 9-30-15.5-2(d). Here, the trial court imposed a maximum twelve-year sentence for McMurray's Level 4 felony and enhanced it by eight years for his HVSO determination, resulting in an aggregate term of twenty years.

[13] Turning to the nature of McMurray's offense, we note that McMurray drank alcohol to the extent that he had a 0.18 blood alcohol level (more than twice the legal limit), got into a car, and drove on the roads in Dearborn County. McMurray crossed the center line, struck Ahaus's car head on, and caused Ahaus's death. The nature of the offense is exacerbated by the fact that, at the time of this offense, McMurray had five prior OWVI convictions and had previously caused death of another person when driving drunk.

[14] Turning to McMurray's character, we note that his poor character is revealed by an extensive criminal history with alcohol-related offenses that spans decades. McMurray has had repeated attempts at probation, some of which resulted in violations. Even after serving a partially executed sentence for his manslaughter/OVWI convictions in 2005 and an executed sentence for his OVWI conviction in 2012, McMurray chose to drive his car while intoxicated. Additionally, as noted by the trial court in its sentencing order, McMurray had previously been ordered to participate in counseling but did not actively seek treatment. McMurray has shown that he has a disregard for the law and is a danger to the public.

McMurray has not persuaded us that his aggregate twenty-year sentence for his Level 4 felony causing death when operating a vehicle with an ACE of 0.15 or more conviction and his HVSO adjudication is inappropriate. Therefore, we affirm the sentence imposed by the trial court.

Affirmed.

Riley, J., and Bailey, J., concur.